NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE L. MORIARTY, Individually, as Successor-In-Interest to Heron D. Moriarty, Decedent, on Behalf of the Estate of Heron D. Moriarty, and on Behalf of the Class, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE, a Texas Corporation, <br><br> Defendant - Appellant, | No. 23-3650 <br><br> D.C. No. 3:17-cv-01709-JO-WVG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Submitted February 5, 2025**
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

American General Life Insurance Company ("American") appeals the district court's grant of summary judgment in favor of Michelle L. Moriarty ("Moriarty") on her breach of contract claim under California Insurance Code §§ 10113.71 and 10113.72. In its summary judgment order, the district court held that an insurer's violation of the notice requirements under §§ 10113.71 and 10113.72 precludes an insurance policy from lapsing.

We exercise jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(b) because (1) there is a controlling question of law regarding the theory of recovery under §§ 10113.71 and 10113.72, (2) there are substantial grounds for a difference of opinion as to that question, and (3) an immediate resolution of the question will materially advance the ultimate termination of this litigation. *See ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130–31 (9th Cir. 2022). We vacate and remand with instructions.

This interlocutory appeal presents a narrow issue: whether a life insurance beneficiary can prevail on a breach of contract claim simply by showing that the insurer did not comply with the requirements of §§ 10113.71 and 10113.72 before terminating the policy and denying benefits. Under our court's recent decision in *Small v. Allianz Life Insurance Company of North America*, 122 F.4th 1182 (9th Cir. 2024), the answer is no. After the summary judgment ruling in the present case, *Small* rejected the violations-only theory for recovery and instead adopted a

causation theory. *Id.* at 1192. Pursuant to the causation theory of recovery, a plaintiff "must not only allege a violation of the Statutes, but must also show that the violation caused them harm." *Id*. at 1193. To recover, "a plaintiff must demonstrate that they did not knowingly or intentionally let the policy lapse such that the Insurer's compliance with the Statutes would have caused the plaintiff to pay their premiums and retain the policy." *Id*.

In the absence of controlling California Supreme Court authority or other intervening authority, this court is bound by *Small*. *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc). Thus, we vacate the district court's summary judgment order and remand for the district court to consider causation in light of *Small*.

Moriarty's motion for judicial notice, **Dkt. 37**, and motion to certify a question to the California Supreme Court, **Dkt. 50**, are **DENIED.**

**VACATED AND REMANDED.**

23-3650